UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTRAL AMERICAN RESOURCE CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UR JADDOU, Director of U.S. Citizenship and Immigration Services, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 20-2363 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **STIPULATION OF SETTLEMENT AND DISMISSAL**

Plaintiff Central American Resource Center ("CARECEN") and Defendants Ur Jaddou, in her official capacity as Director of U.S. Citizenship and Immigration Services ("USCIS"), USCIS, Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security, and the U.S. Department of Homeland Security ("DHS"), hereby enter into this Stipulation of Settlement and Dismissal (the "Stipulation"). The above-mentioned parties believe that the settlement of this action is in their best interests and best serves the interests of the public. These parties therefore stipulate that this Stipulation constitutes the full and complete resolution of the issues raised by CARECEN in this action and ask that the Court order as follows.

1.     For a period from this date through at least January 19, 2025 (the "Relevant Period"), unless an individual is an enforcement priority under DHS's operative civil immigration enforcement guidelines, the Office of the Principal Legal Advisor ("OPLA") of U.S. Immigration and Customs Enforcement ("ICE") will generally exercise its prosecutorial discretion by agreeing to join a motion to reopen, and moving to dismiss the removal proceedings of an individual who meets the following criteria:

a.    Currently possesses Temporary Protected Status;

b.    Has a removal, deportation, or exclusion order issued by the Executive Office for Immigration Review or its predecessor agency, the U.S. Immigration and Naturalization Service;

c.    Has traveled on advance parole since that order was issued; and

d.    Is otherwise prima facie eligible to file an application for adjustment of status with USCIS, including but not limited to those with a pending or approved I-130 "immediate relative" visa petition who meet the "inspected and admitted or paroled" requirement of Section 245(a) of the Immigration and Nationality Act, as amended (the "INA") pursuant to USCIS policy if seeking to adjust under that provision.

2.    If USCIS granted or renewed Temporary Protected Status despite some criminal history (*e.g.*, a single DUI), ICE OPLA generally would not rely solely on that same criminal history to find someone a public safety priority for enforcement.

3.    During the Relevant Period, ICE OPLA will consider pursuant to the process set forth in Paragraph 1 a request for a joint motion to reopen and a motion to dismiss so long as the request is submitted to ICE OPLA during the Relevant Period.

4.    Within 30 days of the entry of this Stipulation, USCIS will publish a notice about this process on its website with instructions on how to contact ICE OPLA when a joint motion to reopen and a motion to dismiss is necessary.  Such notice will be published in English, Spanish, Arabic, Haitian Creole, and any other languages commonly used by individuals who may benefit from this policy.  ICE OPLA will also update its website with instructions on how to submit

- 2 -

requests for joint motions to reopen and motions to dismiss pursuant to this Stipulation in the languages listed in the previous sentence.

5.      During the Relevant Period, eligible noncitizens will use the existing ICE OPLA prosecutorial discretion process to submit their requests for joint motions to reopen and motions to dismiss.  Within 30 days of the entry of this Stipulation, ICE OPLA will issue internal field guidance to implement this Stipulation and establish internal points of contact to process these requests during the Relevant Period to ensure these cases are processed as expeditiously as possible considering the existing workload in the appropriate ICE OPLA field location. ICE OPLA will aim to process these requests within 90 days but no longer than 120 days from the time the request is submitted using the appropriate prosecutorial discretion process in the local field office.

6.      A template joint motion to reopen and motion to dismiss for use in these cases is attached to this Stipulation as Exhibit A.  For represented noncitizens, ICE OPLA will work with their legal representatives during the Relevant Period to file these motions with the relevant immigration court. For noncitizens who lack representation, ICE OPLA will generally file the motions with the court, unless the noncitizen indicates that the noncitizen prefers and is able to do so.

7.      Within 60 days of the entry of this Stipulation, CARECEN will create and disseminate informational notices and "do it yourself" packages, including the template joint motion to reopen developed by ICE OPLA in consultation with CARECEN, to facilitate access to this process by pro se individuals and to assist the agency in processing pro se requests.

8.      Within 60 days of this Stipulation, DHS will take steps to support TPS beneficiaries who wish to proceed pro se, as follows. USCIS and ICE OPLA will post on their websites information regarding local Department of Justice recognized pro bono legal services providers,

and ICE OPLA will reiterate on its website that there is no fee associated with seeking prosecutorial discretion, link to other government websites discussing the unauthorized practice of law, and post the template joint motion to reopen.

9.      Should an individual's removal order be terminated, individuals who have already applied to adjust status with USCIS and been denied solely for lack of jurisdiction, or denied solely for lack of jurisdiction and inadmissibility (where a waiver was available but not filed or adjudicated for the waivable ground of inadmissibility), may either file a new Form I-485 or move to reopen their denied application for adjustment of status with USCIS, if timely. Within 60 days of the entry of this Stipulation, USCIS will establish a process for allowing individuals whose motions are untimely, but who are otherwise eligible, to file an untimely motion to reopen. Any individual in litigation on this basis may work through the government's representative in litigation.

10.      The parties shall bear their own costs and fees.

11.      The filing of this Stipulation shall cause this case to be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) subject only to subsequent reinstitution of this action under the terms set forth below.

12.      Plaintiffs' sole remedy for an alleged breach of this Stipulation arising from Defendants' alleged failure to exercise its discretion in the manner described herein shall be a reinstitution of this civil action.

13.      The parties stipulate that the provisions of this Stipulation shall otherwise be enforceable by the Court upon motion by either party until January 19, 2025.

<REMAINDER OF PAGE LEFT BLANK>

- 5 -

Respectfully submitted,

DEMOCRACY FORWARD FOUNDATION

By:    /s/ John T. Lewis
    JOHN T. LEWIS, D.C. Bar #1033826
    SEAN A. LEV, D.C. Bar #449936
    P.O. Box 34553
    Washington, DC 20043
    (202) 448-9090
    jlewis@democracyforward.org
    slev@democracyforward.org

*Counsel for Plaintiff CARECEN*

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By:    /s/ Thomas W. Duffey
    THOMAS W. DUFFEY
    Assistant United States Attorney
    555 Fourth Street, NW
    Washington, DC 20530
    (202) 252-2510

*Attorneys for the United States of America*

Dated: March 21, 2022


It is so ORDERED.


Dated: _____

    _____
    REGGIE B. WALTON
    United States District Judge